# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SHRIRAKSHA MOHAN** ) | |
| ) | |
| *Plaintiff,* ) | **Civil Action File No.** |
| ) | |
| **v.** ) | |
| ) | |
| **WORKDAY INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| *Defendant.* ) | |
| ) | |
| ) | |

## COMPLAINT

Shriraksha Mohan ("Plaintiff") files this Complaint against Defendant Workday Inc. ("Defendant"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1. This action is for gender and national origin discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

1

2. Plaintiff's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of Georgia.

5. Defendant is a for-profit company registered to conduct business in the state of Georgia.

6. Defendant transacts business in the Northern District of Georgia.

7. Defendant is subject to this Court's jurisdiction. Defendant may be served through its registered agent if service of process is not waived:

Registered Agent Name: **C T CORPORATION SYSTEM**
Physical Address: **289 S CULVER ST, LAWRENCEVILLE, GA, 30046-4805, USA**
County: **Gwinnett**

## ADMINISTRATIVE PROCEEDINGS

8. On March 29, 2024, Plaintiff filed a timely charge of gender discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

9. On March 26, 2025, Plaintiff received a notice of right to sue from the EEOC.

10. Plaintiff has exhausted her administrative remedies prerequisite to the filing of this suit pursuant to Title VII.

11. This lawsuit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

12. Defendant is an enterprise management cloud software provider for private businesses, educational institutions, and government agencies.

13. During all times relevant to this lawsuit, Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks during Plaintiff's employment.

14. Defendant is subject to the anti-discrimination and anti-retaliation provisions of Title VII.

15. Plaintiff is female.

16. Plaintiff was an employee of Defendant at all times material to this Complaint.

17. Plaintiff began employment with Defendant on or about May 2, 2022.

18. Plaintiff was hired as Software Development Engineer and reported to Suhail Hisamuddin ("Mr. Hisamuddin").

19. From the beginning of her employment, Mr. Hisamuddin showed preferential treatment to similarly situated counterparts on her team.

20. For example, Mr. Hisamuddin passed Plaintiff over for promotions, instead promoting less experienced and less qualified Caucasian males.

21. On or about November 7, 2023, Plaintiff raised concerns to Mr. Hisamuddin about his preferential treatment of her Caucasian male counterparts.

22. Mr. Hisamuddin did not address her concerns, instead threatening that he would give her a negative review based on communication issues.

23. Further, in the same meeting, Mr. Hisamuddin refused to acknowledge Plaintiff's contribution to a project called Olivia Paradox Chatbot and favored the male developers instead.

24. After this meeting, Plaintiff filed an HR complaint about Mr. Hisamuddin's treatment on the company HR portal.

25. Additionally, Plaintiff was told by HR employee Hannah to inform Nick Hussey ("Mr. Hussey"), Mr. Hisamuddin's manager, about her concerns.

26. On or about November 20, 2023, Plaintiff met with Mr. Hisamuddin and Mr. Hussey.

27. During that meeting, Mr. Hussey agreed that there was no performance issue on the part of Plaintiff.

28. Immediately after this meeting, Mr. Hisamuddin harassed Plaintiff in an email about her performance in the role of Team Agility Coach, which was a role she agreed to perform on the team without any additional compensation.

29. Plaintiff submitted another complaint on November 20 about this treatment.

30. After HR offered no protection or assistance, Plaintiff submitted a third complaint on or about November 27 with EthicsPoint, an independent HR investigation option that Workday employees are given when they feel it is too risky to use HR.

31. Mr. Hisamuddin's harassment only intensified after Plaintiff's complaints.

32. For example, he began berating her daily, threatening her with poor performance reviews, and micromanaging her work.

33. Other female members of Mr. Hisamuddin's team reached out to Plaintiff stating that they were unsurprised by his treatment of Plaintiff and his attacks on her work and character.

34. During the annual performance review process ("CPCI") which began in January 2024, Plaintiff provided honest feedback concerning Mr. Hisamuddin, including his discriminatory, retaliatory conduct as well as his technical shortfalls as a leader of a software development team.

35. Plaintiff then filed another HR complaint, alleging again that Mr. Hisamuddin engaged in gender discrimination and retaliated against her and that previous complaints had provided no resolution from HR.

36. Mr. Hisamuddin reached out to HR after the CPCI process, asking them to threaten Plaintiff with termination.

37. On or about February 5, 2024, Plaintiff received an email from HR employee Lauren Eyler reprimanding her and threatening disciplinary action for including negative feedback about her manager in the CPCI, stating, "Verbally telling your People Leader that he is technically incompetent (*and writing it directly in your CPCI*) is not showing your willingness to move forward….Your continued questioning of your leader's decisions…are disruptive to the business…. If you

6

continue this behavior, because it is a violation of company policy, it will be subject to discipline" (emphasis added).

38. Further, on or about February 14, 2024, Plaintiff was called into a meeting with Tony Ryan ("Mr. Ryan"), Director of Recruiting Application Software, and Melissa Degand ("Ms. Degand"), Manager of People Consulting, wherein she was reprimanded for leaving negative feedback about Mr. Hisamuddin.

39. On or about March 5, 2024, Plaintiff was terminated without explanation.

40. Plaintiff believes this was pretextual and she was terminated in retaliation for making complaints of gender and national origin discrimination.

## COUNT I
### Discrimination on the basis of Gender in Violation of Title VII

41. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

42. As detailed above, throughout her employment with Defendant, Plaintiff was subjected to discrimination, harassment, and a hostile work environment by Mr. Hisamuddin and other employees simply because of her gender.

43. All the above conduct was unwelcome and offensive to Plaintiff as well as open and obvious in the workplace.

44. Plaintiff complained that the conduct was unwelcome, offensive, and created a hostile work environment.

45. Defendant willfully and wantonly disregarded Plaintiff's rights. Additionally, Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith and constitutes unlawful, intentional gender discrimination in violation of Title VII.

46. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available.

47. Plaintiff seeks all remedies available by law or equity.

## COUNT II
## Discrimination on the basis of National Origin in Violation of Title VII

48. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

49. As detailed above, throughout her employment with Defendant, Plaintiff was subjected to discrimination based on her national origin.

50. All the above conduct was unwelcome and offensive to Plaintiff as well as open and obvious in the workplace.

51. Plaintiff complained that the conduct was unwelcome, offensive, and created a hostile work environment.

52. Defendant willfully and wantonly disregarded Plaintiff's rights. Additionally, Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith and constitutes unlawful, intentional gender discrimination in violation of Title VII.

53. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available by law or equity.

## COUNT III
### Retaliation in Violation of Title VII

54. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

55. Plaintiff engaged in protected activities protected under Title VII by making complaints of discrimination on the basis of gender and national origin.

56. As a result of her complaints of harassment, Plaintiff suffered adverse employment actions including being passed over for promotion, being publicly berated, being constantly threatened with disciplinary action, and ultimately, being terminated.

57. As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other

benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

58.     Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith.

59.     As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by law.

60.     Plaintiff seeks all remedies available to her by law or equity.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a)     cause process to issue;

(b)     issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c)     grant Plaintiff a permanent injunction enjoining Defendant, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against each Defendant under all Counts of this Complaint;

(e) order Defendant to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff compensatory and punitive damages for Defendant's willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations; and

(h) grant Plaintiff all other damages including nominal damages, available by law.

(i) grant such additional relief as this court deems proper and just.

Respectfully submitted on this 24th day of June, 2025.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
Attorney for Plaintiff

12

THE MIXON LAW FIRM
3344 Peachtree Street, Suite 800
Atlanta, Georgia 30326
Phone: 770-955-0100
steve@mixon-law.com